## 45431. DAWSON v. THE STATE.
(369 SE2d 760)

BELL, Justice.

The appellant, M. C. Dawson, appeals his convictions of the felony murder and kidnapping with bodily injury of Dorothy Bivins. We affirm the convictions.[1]

Dawson dated Dorothy Bivins, and lived in her home intermittently for several years. On January 23, 1987, Bivins agreed to pick up Dawson after work, but she did not do so, for unknown reasons. Dawson returned to Bivins' house at approximately 1:00 a.m., after visiting several bars. Dawson and Bivins began arguing. The next-door neighbor testified he heard "stuff" being scattered and thrown across Bivins' house. Dawson testified he hit Bivins in the mouth, causing her to fall and strike her head on the coffee table. He said Bivins began to bleed. Bivins' six-year-old daughter testified she saw Dawson throw a lamp at Bivins. The daughter said Dawson told her to go back to bed, but she ran out the door for help.

At some point during the fight, Bivins left her house and went to her mother's house across the yard. The mother testified she heard something "like a cat . . . hollering" outside her door. She went to the door, and saw Dawson dragging Bivins back across the yard toward Bivins' house. Several neighbors confirmed that Dawson was dragging Bivins, who looked weak and tired. Dawson, however, testified he was only helping Bivins get back home. Bivins' mother then went to her daughter's house. She stated Bivins had bled "everywhere." Dawson testified Bivins told him she did not want her mother to see them argue. He said he then told Bivins to get the car keys so they could leave. Bivins' mother testified Dawson threatened her, and she threw a brick at him as he took Bivins to the car. Dawson testified the mother threw several bricks, hitting him in the back and Bivins in the face.

Dawson's testimony about what happened next conflicted with other witnesses' testimony. Dawson testified Bivins suggested they drive away and discuss their differences. He said Bivins tried to get behind the wheel, but he told her to sit in the passenger seat because

---

[1] The crimes occurred on January 24, 1987. On February 6, 1987, the grand jury for the November 1986 term of Crisp Superior Court indicted Dawson. The three-count indictment accused him of malice murder, felony murder, and kidnapping with bodily injury. On September 15, the trial jury found him not guilty of malice murder, but guilty of the other offenses. On September 22, the court sentenced Dawson to serve consecutive terms of life and twenty years. The court reporter completed the transcript on November 9. On October 6, 1987, Dawson moved for a new trial, and on December 8 amended his motion. The trial court denied the motion on December 14. On January 5, 1988, Dawson filed a notice of appeal. On January 6, 1988, the appeal was docketed in the Court of Appeals, which transferred to this court the same day. This court docketed the appeal on January 26, 1988. On March 11, 1988, Dawson submitted the appeal for decision on briefs.

she was injured. At this point, a police officer arrived (a neighbor had phoned police headquarters). Several witnesses, including the police officer, testified Dawson shoved Bivins into the car. Two witnesses saw Dawson slap Bivins once they were inside the car. The police officer testified Dawson drove away at a high speed. The officer followed in his car. He said Dawson ran several stop signs before losing control and wrecking the car. The officer stated the car flipped several times, throwing Bivins from the vehicle. The officer found Bivins lying faceup in a puddle of water, with blood flowing from her head. Bivins was still alive, but later died at the hospital.

Dr. Kenneth Alonso, chief medical examiner for the state crime laboratory, performed an autopsy on the victim. He testified she had substantial head and abdominal injuries. In his opinion, the cause of death was bleeding from a tear in the blood supply to the victim's intestines. He said her injuries, when considered as a whole, were probably the result of a beating rather than an automobile accident.

Pictures of Bivins' house, admitted into evidence at trial, showed blood stains on the furniture, walls, doors, and carpet. The investigating police officer stated the furniture in the house was disarranged, and blood was "all over the place."

1. In Enumeration Four, Dawson contends that the trial court erred in not granting his motion for a directed verdict of acquittal. We disagree. Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of felony murder and kidnapping with bodily injury beyond a reasonable doubt. *Kennedy v. State*, 253 Ga. 132 (1) (317 SE2d 822) (1984); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Dawson's first enumeration of error is that the court erred in admitting five autopsy photographs of the victim, because the photographs were inflammatory and prejudicial. See *Brown v. State*, 250 Ga. 862 (5) (302 SE2d 347) (1983). We find no error. Dawson's counsel did not object to four of the five photographs, and therefore waived the right to challenge those four photographs on appeal. The fifth photograph was cumulative of the other four, and therefore the error, if any, in admitting it was harmless. *Williams v. State*, 256 Ga. 655 (2) (352 SE2d 756) (1987).

3. The second enumeration of error is that the trial court erred by allowing the prosecution to ask Dr. Alonso, the medical examiner, a hypothetical question concerning the cause of the victim's injuries, i.e., whether they were the result of having been beaten or having been thrown from the car. This enumeration has no merit.

Although the question was phrased in part as a hypothetical question, in fact it asked the witness to give his opinion

based on his observations [during the autopsy.] A hypothetical question is not required where a properly qualified expert testifies as to his opinion based on facts within his personal knowledge. *McDowell v. State*, 239 Ga. 626 (3) (238 SE2d 415) (1977).

*Ware v. State*, 252 Ga. 90, 91 (3) (310 SE2d 908) (1984).

4. Dawson's third enumeration of error raises two separate contentions. One of his allegations is that the court erred in admitting two pre-trial statements Dawson made while in police custody. Dawson contends he did not freely and voluntarily make the statements. We find no error. The trial court conducted a hearing pursuant to *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964), and found that Dawson freely and voluntarily gave the statements. As this court said in *Williams v. State*, 257 Ga. 788 (1) (364 SE2d 569) (1988):

> "Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal." *Berry v. State*, 254 Ga. 101, 104 (326 SE2d 748) (1985). The transcript of the *Jackson v. Denno* hearing indicates that the trial court's ruling was not clearly erroneous.

Dawson also alleges that the trial court erred in admitting two waiver-of-rights forms. This contention has no merit. "There was no error in the court's allowing the waiver of rights form[s] to go out with the jury. [Cits.]" *Simon v. State*, 253 Ga. 681, 682 (4) (324 SE2d 455) (1985).

5. In his fifth enumeration of error, Dawson complains of the court's refusal to give certain of his requests to charge. However, Dawson has not supported this enumeration with argument or citation of authority. We therefore deem it abandoned under Supreme Court Rule 45. See *Grier v. State*, 257 Ga. 539 (3) (361 SE2d 379) (1987); *Waller v. State*. 251 Ga. 124, 130 (12) (303 SE2d 437) (1983).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 13, 1988.

*David E. Morgan III*, for appellant.

*John D. Pridgen, District Attorney, Denise D. Fachini, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.