## A01A2054. HOWARD v. THE STATE.
(556 SE2d 536)

JOHNSON, Presiding Judge.

A McDuffie County jury found Bobby Howard guilty of child molestation for acts committed against his live-in girlfriend's nine-year-old daughter, J. D. Howard appeals from the denial of his motion for a new trial. He asserts that the trial court erroneously admitted hearsay evidence and that he was denied effective assis-

tance of counsel. Because we find the enumerations without merit, we affirm.

The evidence presented at trial shows that on three or four different occasions Howard, the live-in boyfriend of J. D.'s mother, induced J. D. to masturbate him. The child testified that the first incident happened when she was in the third grade and the last incident occurred in August 1999, before she started the fourth grade. J. D. testified that Howard told her that if she performed the acts he would give her money and "stop [her] mama from whipping her." J. D. later told her mother about the acts, and on September 5, 1999, the McDuffie County Sheriff's Department and Department of Family & Children Services (DFACS) initiated an investigation. J. D. subsequently made a videotaped statement of the accusations, and Howard was arrested. Although DFACS devised a safety plan for J. D. which prohibited Howard from staying in the residence, Howard was later found at J. D.'s residence in violation of the plan. J. D. was removed from the home and temporarily placed in foster care. J. D. testified that prior to her removal, her mother asked her to deny that Howard molested her.

1. Howard contends that the trial court erred by admitting the videotaped statement of J. D. into evidence because it lacks sufficient indicia of reliability as required by the Child Hearsay Statute.[1] J. D. was interviewed on September 10, 1999, at the Child Advocacy Center in Augusta. During J. D.'s videotaped statement, the interviewer left the room for a few minutes, and J. D. made, on tape, spontaneous comments about the defendant's actions. A pretrial hearing was held on Howard's subsequent motion in limine to exclude that portion of the videotape as violative of the Child Hearsay Statute, but the trial court denied the motion and allowed the tape to run in its entirety. During the trial, the videotape was admitted subject to the earlier objection. Although Howard did not object to the admission of the entire videotape, at the hearing on his motion for a new trial, he argued that the entire videotape was admitted in error and that his trial counsel was ineffective for not objecting to its admittance at the end of the state's case.

Under the Child Hearsay Statute, a statement made by a child under the age of 14 that describes physical abuse by another is admissible in evidence "if the child is available to testify in the pro-

---

[1] OCGA § 24-3-16 provides:
A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

ceedings and the court finds that the circumstances of the statements provide sufficient indicia of reliability."[2] In *Gregg v. State*,[3] we set forth certain factors the trial court may consider when deciding if a child's statements provide sufficient indicia of reliability pursuant to OCGA § 24-3-16. The factors include, but are not limited to: (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or other third parties before or at the time of the child's statement, the type of coaching and circumstances surrounding the same, and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child.[4] These factors are to be applied neither in mechanical nor mathematical fashion, but in that manner best calculated to facilitate determination of the existence or absence of the requisite degree of trustworthiness.[5] The trial court has broad discretion in determining the admissibility of child hearsay evidence,[6] and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion.[7]

Here J. D.'s statement was taken at a neutral location with only one person present, the interviewer. A police investigator and representative from DFACS viewed the interview from behind a two-way mirror. The interviewer testified that J. D. did not appear to be under emotional or physical distress. She also testified that the answers appeared to be freely given and that J. D. did not appear to be coached or under any influence. Further, J. D. testified at the hearing, and Howard had the opportunity to cross-examine her about any statements that were made, including the ones that were made when the interviewer was out of the room.

Howard argues that several factors weighed against the admission of J. D.'s statement including the lack of spontaneity and that J. D. was under the threat of removal from her home if she changed her story. Howard's primary arguments go to the credibility of the

---

[2] (Citations and punctuation omitted.) *Kight v. State*, 242 Ga. App. 13, 15-16 (1) (528 SE2d 542) (2000).

[3] 201 Ga. App. 238, 240-241 (3) (b) (411 SE2d 65) (1991).

[4] Id.

[5] Id. at 241 (3) (b).

[6] *Kight*, supra.

[7] *Ingram v. State*, 192 Ga. App. 196, 198-199 (2) (384 SE2d 262) (1989).

witness. Determinations as to the credibility of a witness are a matter solely within the jury's purview and will not be disturbed on appeal.[8] And while it is true that the specter of being removed from the home loomed over J. D., she was in danger of being removed if she did not change her story, rather than if she changed her story. Specifically, had she denied the molestation, as her mother allegedly requested, she would not have been removed from the home when Howard was found in the residence in violation of the safety plan. We cannot say that the trial court abused its discretion in admitting the videotape.[9]

Howard also argues that his trial counsel's failure to object to the admission of the entire videotaped statement after the state rested shows that he received ineffective assistance of counsel. We review a claim of ineffective assistance of counsel under the standard set out in *Strickland v. Washington*.[10] The defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.[11] Counsel's decisions on which motions and objections to make are matters of trial strategy and tactics that are within the lawyer's exclusive province and do not amount to ineffective assistance of counsel.[12]

At the motion for new trial, Howard's attorney testified that upon reviewing the *Gregg* case prior to the trial, he determined that any objection to the admission of the videotape would not have been sustainable. Accordingly, the trial court was entitled to conclude that the decision not to pursue the objection was strategic and, thus, not ineffective assistance.[13]

2. In his next enumeration of error, Howard contends that the trial court erred in admitting testimony regarding the DFACS safety plan, asserting that the safety plan was not relevant and was used to improperly bolster J. D.'s credibility. Upon Howard's objection, the trial court excused the jury and questioned the state about the relevancy of the safety plan and found the testimony regarding the plan admissible under the Child Hearsay Statute.

Admissibility of evidence is a matter which rests largely within the sound discretion of the trial court. Even though alone it may not be sufficient, evidence which in connection with other evidence tends, even slightly, to prove, explain, or illustrate a fact is probative and relevant. Doubt as to relevancy should be resolved in favor of admis-

---

[8] OCGA § 24-9-80; *Johnson v. State*, 245 Ga. App. 690, 691 (1) (538 SE2d 766) (2000).

[9] See *Knight v. State*, 239 Ga. App. 710, 711-712 (1) (521 SE2d 851) (1999).

[10] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985).

[11] *Smith*, supra.

[12] *Esquivel v. State*, 236 Ga. App. 325, 326 (512 SE2d 61) (1999); *Rivers v. State*, 271 Ga. 115, 118 (2) (b) (516 SE2d 525) (1999).

[13] See id.

sion and against exclusion, with the evidence's weight left to the jury.[14] Further, this Court has held that the Child Hearsay Statute "actually contemplates testimony . . . from both the child and those witnessing the child's later reaction, even if the hearsay may be 'bolstering.' . . . Any 'bolstering' can be explored by defendant in cross-examination."[15] Moreover, the trial court gave curative instructions that the safety plan was admissible solely for the purpose of determining the reliability of J. D.'s statement. Because we find the evidence relevant to J. D.'s credibility, the trial court did not abuse its discretion in admitting the testimony.

3. In his final enumeration of error, Howard contends that the trial court erred in allowing a letter written by J. D. to be admitted under the Child Hearsay Statute because it amounted to double hearsay.

The mother of one of J. D.'s playmates read a letter that she said was written by J. D. In the letter, addressed "to the world," J. D. wrote that her mother did not love her and asked that she deny that Howard molested her. Although Howard objected at trial to the admission of the letter on the ground the letter was not properly authenticated, the hearsay basis now urged was not raised. Under such circumstances, there remains nothing for appellate review.[16]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED NOVEMBER 15, 2001.

*Knox & Swan, William B. Swan, Jr.,* for appellant.
*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney,* for appellee.

---

[14] *Wells v. State,* 243 Ga. App. 629, 630-631 (2) (534 SE2d 106) (2000).
[15] *Rayburn v. State,* 194 Ga. App. 676, 677 (3) (391 SE2d 780) (1990).
[16] *Lindo v. State,* 218 Ga. App. 756, 759 (3) (463 SE2d 148) (1995).