A02A1751. WRIGHT v. THE STATE.
(576 SE2d 64)

MIKELL, Judge.

Hoyt Hugh Wright was convicted of ten counts of child molestation, two counts of aggravated child molestation, one count of cruelty to children, and one count of aggravated sexual battery, based on acts committed against his grandson. Wright was also convicted of one count of sexual battery against his adult daughter. On appeal, he

---

asserts that the trial court erred by (1) admitting similar transaction evidence, (2) denying his request to charge child molestation as a lesser included offense of the two counts of aggravated child molestation, (3) denying his motion to sever two counts, (4) admitting evidence that Wright's father molested him, and (5) admitting child hearsay statements. Finding no error, we affirm.

1. The crimes for which Wright was convicted occurred between 1992 and 1997. Prior to trial, the state filed notice of its intent to present evidence of 21 similar lewd and cruel acts committed by Wright from 1962 through 1997. During the pretrial hearing conducted pursuant to Uniform Superior Court Rule 31.3 (B), Wright objected to the admission of the evidence on various grounds, including remoteness. The court ruled that eight of the twenty-one acts would be admissible at trial to show a continuing pattern of conduct committed by Wright against different generations of his family members. All eight were heinous sexual acts that Wright allegedly performed upon his sister and his daughter.

At trial, Wright's sister testified that in 1962, when she was eight and he was eighteen, he forcibly removed her panties, hit her on the head when she tried to pull them up, and inserted his penis in her anus, causing her "unbelievable" pain. The sister then testified that sometime between late 1964 and early 1965, Wright grabbed her breast as she walked by him.

On appeal, Wright does not challenge the similarity of these acts to those for which he was indicted. Rather, he argues that the acts, which occurred 34 and 31 years before trial, were erroneously admitted because they were too remote in time.[1] In support of this argument, Wright relies on *Gilstrap v. State*[2] and *Slakman v. State*,[3] which held that isolated events that were 31 and 30 years old at the time of trial were too remote to be probative of the defendant's course of conduct or bent of mind. As we have repeatedly held, however, similar transaction evidence that shows a pattern of sexual abuse against several generations of members of the same family is admissible despite the lapse of time between the acts.[4]

---

[1] We note that, contrary to the state's contention, Wright renewed his objection to this evidence at trial. Accordingly, his argument has been preserved for appellate review. Cf. *McClarity v. State*, 234 Ga. App. 348, 349-350 (2) (506 SE2d 392) (1998) (defendant failed to object at trial to introduction of similar transaction evidence).

[2] 261 Ga. 798, 799 (1) (b) (410 SE2d 423) (1991) (31-year-old event held too remote).

[3] 272 Ga. 662, 669 (4) (a) (533 SE2d 383) (2000) (evidence 30 years old held too remote).

[4] See *Bryson v. State*, 210 Ga. App. 642, 643-644 (2) (437 SE2d 352) (1993) (31-year pattern of abuse); *Starnes v. State*, 205 Ga. App. 882, 883 (1) (424 SE2d 4) (1992) (33-year pattern of abuse); *Cooper v. State*, 173 Ga. App. 254, 255 (1) (325 SE2d 877) (1985) (19-year lapse of time between independent crimes and indicted offenses).

Where different generations are involved, as in the case sub judice, obviously many years are going to lapse between the acts. Under such circumstances, the lapse of time between the independent transactions and the offenses charged "goes to the weight and credibility of such testimony, not its admissibility."[5]

"The fact that [Wright's] conduct with the victims of the similar transactions began many years ago only illuminates in striking fashion the pattern of [Wright's] deviant behavior that culminated in the crimes for which he was on trial. They were clearly admissible."[6] The trial court did not abuse its discretion in admitting the challenged evidence.

2. Wright next enumerates as error the trial court's refusal to charge child molestation as a lesser included offense of the two counts of aggravated child molestation. This argument is meritless.

The general rule is that a trial court must give a written request to charge a lesser included offense if there is any evidence that the defendant is guilty of the lesser offense. A corollary to this rule, however, is that when the evidence shows completion only of the greater offense, it is unnecessary for the trial court to charge on the lesser offense.[7]

Child molestation advances to aggravated child molestation with the addition of either physical injury to the child or sodomy.[8] Sodomy, in turn, is defined as "any sexual act involving the sex organs of one person and the mouth or anus of another."[9] The aggravated child molestation charges in the indictment against Wright specified "an act of sodomy . . . involving the penis of the accused and the anus of the child." Further, the victim testified that Wright "tried to put his front private in my back private." The child said he "felt it touch me but it never went in. I would always pull my underwear up." Wright denied committing any of the alleged offenses. The testimony that Wright's penis touched the victim's "back private," although it never entered his anus, showed completion only of the greater offense. Therefore, the trial court did not err in refusing to charge the jury on

---

[5] *Bryson,* supra at 644 (2), citing *Cooper,* supra.

[6] *Johnson v. State,* 222 Ga. App. 722, 725 (3) (475 SE2d 918) (1996).

[7] (Citations and punctuation omitted.) *Arnold v. State,* 249 Ga. App. 156, 160 (2) (545 SE2d 312) (2001); accord *Edwards v. State,* 264 Ga. 131, 133 (442 SE2d 444) (1994) ("where the state's evidence establishes all of the elements of an offense *and there is no evidence raising the lesser offense,* there is no error in failing to give a charge on the lesser offense").

[8] OCGA § 16-6-4 (c).

[9] OCGA § 16-6-2 (a).

child molestation as a lesser included offense of aggravated child molestation.

3. Wright argues that the trial court erred in denying his motion in limine, in which he sought severance of Counts 14 and 15 of the indictment. We disagree.

(a) Count 14 charged that Wright committed cruelty to children against his grandson by

> kicking, hitting and throwing the child, by telling the child that if he did not shut up about the sexual activities which the accused was performing on and with the child, [B., his cousin,] was easy to get to and [B.] would get it even worse, by telling the child not to talk to black people and would be a "nigger" if the child talked to black people and slapping the child, and by asking the child to look at the penis of the accused, making fun of the child's penis being small, and telling the child not to tell anyone about the sexual activities which the accused was performing on and with the child.

Wright argues that severance of this offense was mandatory because it labeled him a racist, which improperly placed his character in issue, and because it was substantially different from the other counts, which involved sexual crimes. Even if this argument had any merit, Wright has waived appellate review because he never obtained a ruling from the trial court as to severance of this count. "When an appellant fails to invoke a ruling on his motion, he has waived the issue for purposes of appeal."[10]

(b) Count 15 of the indictment charged that Wright committed sexual battery against his daughter, M. H., who is the child-victim's mother, by touching her breasts. In an amended motion in limine, Wright urged severance of this offense because it involved an adult victim. At the motion hearing, Wright argued that the charge was "totally unrelated" to the other 14 offenses. In denying the motion, the trial court ruled that severance was not required because the offense showed Wright's bent of mind and pattern of conduct against members of his family. At trial, M. H. testified that on April 30, 1997, after promising not to touch her, Wright grabbed her shirt and put his hand inside her bra.

> Severance is required if offenses are joined solely because they are similar in nature. Severance is not mandated, however, where the similarity of the offenses is coupled with evi-

---

[10] (Citations and punctuation omitted.) *Pena v. State*, 247 Ga. App. 211, 213 (1) (542 SE2d 630) (2000).

dence of a pattern which shows a common motive, plan, scheme, or bent of mind. Where the modus operandi of the perpetrator is so strikingly alike, that the totality of the facts unerringly demonstrate and designate the defendant as the common perpetrator, the offenses may be joined — subject to the right of the defendant to severance in the interests of justice. Severance in this particular kind of circumstance lies within the sound discretion of the trial judge.[11]

The evidence as to this offense was strikingly similar to the testimony of Wright's sister that he grabbed her breast 30 years earlier. We also find the conduct similar to the indicted counts that were based on evidence that Wright pinched, kissed, and slapped his grandson's rear end as well as fondled the child's penis. The conduct alleged in Count 15 reflected a pattern of deviant conduct toward family members. There was no abuse of discretion in denying severance.

4. Wright next complains of the admission of a videotaped statement, in which he comments that he told family members, as a joke, that his father molested him. Wright contended that the comment impermissibly placed his character in issue. The trial court ruled that the fact that Wright may have joked about being the victim of a crime did not reflect upon his character. In his appellate brief, Wright cites no authority for a contrary proposition, and our research has revealed none. In addition, although Wright objected to the introduction of this statement during his testimony, he failed to object when the detective who made the tape testified earlier to its contents during the state's case. "The admission of cumulative evidence is harmless."[12] As the statement at issue was merely cumulative of the detective's testimony, this enumerated error provides no basis for reversal.

5. Wright finally argues that the trial court abused its discretion in admitting the grandson's statements to the lead detective pursuant to the Child Hearsay Statute, OCGA § 24-3-16. According to the statute, "a statement made by a child under the age of 14 that describes physical abuse by another is admissible in evidence 'if the child is available to testify in the proceedings and the court finds that the circumstances of the statements provide sufficient indicia of reliability.' "[13] In this case, Wright argues that expert testimony showed

---

[11] (Citations omitted.) *Loyless v. State*, 210 Ga. App. 693, 695 (3) (436 SE2d 814) (1993).

[12] (Citation and punctuation omitted.) *Shelton v. State*, 251 Ga. App. 34, 38 (2) (553 SE2d 358) (2001).

[13] (Citation omitted.) *Howard v. State*, 252 Ga. App. 465, 466-467 (1) (556 SE2d 536) (2001).

that it was likely that the child's statements were coached. "[Wright's] primary arguments go to the credibility of the witness. Determinations as to the credibility of a witness are a matter solely within the jury's purview and will not be disturbed on appeal."[14] We have carefully reviewed the transcript and find that the trial court did not abuse its discretion in admitting the child hearsay statements at issue.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED JANUARY 3, 2003.

*Cook & Connelly, Bobby Lee Cook, Todd M. Johnson,* for appellant.

*Patrick H. Head, District Attorney, Frances D. Hakes, Amy H. McChesney, Assistant District Attorneys,* for appellee.