A05A0226. FORD v. THE STATE.
(613 SE2d 234)

JOHNSON, Presiding Judge.

Roy Ford was charged by indictment with aggravated battery, criminal damage to property and cruelty to children in the second degree. He pled not guilty to the charges and was tried before a jury.

---

At trial, the state presented evidence showing that Shonte Johnson was holding her four-month-old child when Ford approached her and punched her in the face, breaking her nose. He then broke the windows of Johnson's car and fled from the scene. The jury found Ford guilty of all charges. The trial judge imposed concurrent sentences of twenty years for the aggravated battery, five years for the criminal damage to property and twelve months for the cruelty to children.

Ford moved for a new trial, claiming, among other things, ineffective assistance of trial counsel. The trial court denied the motion. Ford appeals, contending his trial attorney was ineffective in failing to interview the state's witnesses before trial and in failing to call a particular defense witness. The arguments are without merit, and we thus affirm Ford's conviction.

To establish a claim of ineffective assistance of counsel, a defendant must show both that his trial counsel's performance was deficient and that the deficiency so prejudiced his defense that a reasonable probability exists that but for the deficiency the result of the trial would have been different.[1] "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous."[2]

As for Ford's claim that his trial counsel failed to call a particular witness for the defense, the trial court's finding that counsel was not ineffective is not clearly erroneous. Counsel testified at the motion for new trial hearing that he interviewed the witness but decided not to call him to testify because his testimony would have contradicted Ford's version of the incident. "Deciding which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel."[3]

As for Ford's contention that his lawyer failed to interview the state's witnesses, even if we assume, without deciding, that counsel's performance was deficient, Ford still has not established the second prong of an ineffective assistance claim by showing that the deficiency prejudiced his defense.[4] The record reveals that Ford's counsel, who at the time of trial had practiced criminal law for some 14 years, entered into an open file agreement with the state which gave him access to the state's entire case file, including police reports and witness statements.

At trial, the state's primary witnesses were the victim and an eyewitness, who testified that Ford struck the victim in the face as

---

[1] *McGhee v. State*, 237 Ga. App. 541, 543 (1) (515 SE2d 656) (1999).

[2] (Citation and punctuation omitted.) Id.

[3] (Punctuation and footnote omitted.) *Williams v. State*, 253 Ga. App. 453, 455 (1) (a) (559 SE2d 512) (2002).

[4] See *Wood v. State*, 264 Ga. App. 787, 790-791 (3) (592 SE2d 455) (2003).

she held her baby and that he then broke her car window. Two doctors testified about the extent of the victim's facial injuries. Ford's counsel cross-examined the victim and the eyewitness, and counsel presented direct testimony from Ford, who claimed that he never intentionally harmed the victim, but that she may have gotten injured during an altercation between Ford and another man.

While it certainly would have been the better practice for counsel to interview the state's witnesses before trial, Ford has made no showing as to how the outcome of his trial would have been different if his counsel had done so. Because Ford has failed to establish that counsel's allegedly deficient performance so prejudiced his defense that there exists a reasonable probability that the trial result would have differed but for the deficiency, we must affirm the trial court's finding that Ford did not receive ineffective assistance of counsel.[5]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 13, 2005.

*Sell & Melton, Jon-Selby R. Hawk,* for appellant.
*Howard Z. Simms, District Attorney, Dorothy V. Hull, Assistant District Attorney,* for appellee.

---

[5] *Lovelace v. State,* 241 Ga. App. 774, 776 (3) (b) (527 SE2d 878) (2000).