A05A1567. OSMER v. THE STATE.
(621 SE2d 519)

MIKELL, Judge.

Edward Paul Osmer was convicted of three counts of aggravated sodomy and three counts of aggravated child molestation. After merging certain counts, the trial court sentenced Osmer to a total of twenty years, ten in prison and ten on probation. Osmer moved for a new trial, arguing that the trial court erred in admitting evidence that he was a victim of child molestation and that his trial counsel rendered ineffective assistance. A hearing was held at which trial counsel testified. Following the hearing, the trial judge denied the motion, issuing an extensive order that reflects a careful review of the evidence adduced at trial as well as at the hearing. On appeal, Osmer enumerates as error the same issues asserted in the motion for new trial. We affirm.

---

[8] Cf. *Bd. of Tax Assessors v. McCauley,* 245 Ga. 381, 382 (265 SE2d 786) (1980).
[9] *Hutchins v. Williams,* 212 Ga. 754, 755 (3) (95 SE2d 674) (1956).

1. Osmer contends that the trial court abused its discretion in permitting the prosecutor to question him about the fact that he had been molested as a child. Osmer argues that this line of questioning was irrelevant and placed his character in issue. However, Osmer waived the argument that the evidence placed his character in issue by failing to make that objection at trial. "[A]n objection on a specific ground or grounds at trial waives any objection to that evidence on other grounds on appeal. Accordingly, all other grounds for objection, other than the specific grounds posed at trial, are not preserved for appeal."[1]

As to his sole preserved objection, relevance, Osmer asserts in his appellate brief that his status as a victim was "completely and utterly irrelevant to the case that was being tried." However, Osmer makes no argument in support of this assertion.[2] Moreover, the sole case upon which he relies, *Tyler v. State*,[3] is distinguishable. In *Tyler*, an appeal from a conviction of aggravated child molestation, the trial court refused to grant a mistrial after the prosecutor elicited hearsay testimony from the investigating police officer that the defendant had been sexually molested as a child.[4] The trial court found the testimony irrelevant but not harmful and did not give any curative instruction. Remarkably, the trial court commented that "there is no rule that because someone was molested they will not molest, *in fact, the very opposite is very often true*."[5] Under these circumstances, we found that the testimony "placed [appellant's] character in issue in a way that was clearly harmful and irrelevant."[6] Because the prosecutor had intentionally elicited prejudicial hearsay testimony from a state's witness concerning matters not in evidence, we held that the trial court erred in failing to grant a mistrial.[7]

The facts of the case at bar are dramatically different from those in *Tyler*. Osmer testified that the victim, his male cousin who was 13 or 14 years old when the incidents underlying the conviction took place, had fabricated the allegations in retaliation for Osmer having "turned [the child] in for raping his little sister." Osmer claimed he did not want to call the police to report the abuse because he did not want to put any additional strain on his grandparents, who were ill, and

---

[1] (Citation and punctuation omitted.) *Ross v. State*, 231 Ga. App. 793, 801 (14) (499 SE2d 642) (1998).

[2] "Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned." Court of Appeals Rule 25 (c) (2).

[3] 266 Ga. App. 221 (596 SE2d 651) (2004).

[4] Id. at 223 (2).

[5] (Punctuation omitted; emphasis in original.) Id.

[6] Id.

[7] Id. at 224 (2).

with whom the children spent a great deal of time. Therefore, he explained, he relayed the abuse to a friend, Vera "Vicky" Loden. Loden, a defense witness, testified that Osmer knew that he could talk to her because she had been molested as a child. Loden spoke with the little girl and reported the abuse to the authorities. On cross-examination, the prosecutor asked Loden: "In the course of you disclosing that you had been molested, did [Osmer] disclose that he had been molested?" She replied, "yes." The prosecutor then inquired whether they had "bonded" as a result. Loden replied: "I don't know if you'd call it a bond, but we had conversation." Osmer did not object to this testimony.

Osmer further testified that he told his cousin to stop the abuse, because "there's consequences and there's repercussions. You can get in a lot of trouble for doing such things." Later, according to Osmer, when the little girl reported more abuse to him, he was uncomfortable because he was "not real good at, you know, talking about things like that, especially when it comes to the male and female genital areas."

Finally, Osmer testified during cross-examination that he had never called the authorities because the abuse had been reported by someone else, and it was not his fault that the state did nothing about it. The trial court then permitted the prosecutor to show that Osmer's stepfather molested him beginning from the time he was eight years old for about two years, and that the abuse stopped when he reported it to a school counselor. The line of questioning was relevant to show that Osmer was well aware that he could have stopped the abuse of the little girl by reporting it to the proper authorities and, thus, to refute his theory that his cousin had fabricated the allegations out of a desire for revenge. Moreover, the prosecutor did not elicit hearsay testimony about matters not in evidence, as was the case in *Tyler*. Osmer did not object after the prosecutor questioned Loden concerning Osmer's disclosure that he had been molested, rendering the subsequent line of questioning merely cumulative of Loden's testimony. "The admission of cumulative evidence is harmless."[8] It follows that this enumeration of error is meritless.

2. Osmer contends that the trial court erred in denying his motion for new trial on the basis of ineffective assistance of counsel. A trial court's finding that a defendant has been afforded effective assistance of counsel is entitled to deference and will be upheld unless that finding is clearly erroneous.[9]

---

[8] (Punctuation and footnote omitted.) *Wright v. State*, 259 Ga. App. 74, 78 (4) (576 SE2d 64) (2003) (videotaped statement, in which defendant joked that his father had molested him, held merely cumulative of earlier testimony by detective as to content of tape).

[9] *Rutledge v. State*, 237 Ga. App. 390, 391 (2) (515 SE2d 1) (1999).

"To establish a claim of ineffective assistance of counsel, [Osmer] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency."[10] Further, counsel's performance must not be evaluated in hindsight, and a strong presumption exists "that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy."[11]

In the case at bar, Osmer asserts that trial counsel was ineffective for failing to interview certain witnesses prior to trial, specifically the victim, the victim's parents, and the expert witness who videotaped the victim's statement. At the hearing on the motion for new trial, Osmer's trial counsel, Lee Henley, testified that he is the head of the public defender's office in Rome, has practiced law since 1982, and has tried nearly 300 cases before juries, mostly representing defendants in criminal matters. Henley explained that he did not attempt to interview the victim or his parents because of the hostility between those witnesses and the defendant. Further, Henley testified that he had observed these witnesses at preliminary hearings that had been held in the case, that he had a copy of the victim's videotaped statement, that he had obtained one or two continuances, and that he had been ready to try the case. The expert witness at issue interviewed the victim on behalf of a child advocacy center and videotaped his statement. The trial transcript shows that Henley was acquainted with him through previous cases.

Although it may have been the better practice for Henley to have interviewed these witnesses prior to trial, Osmer has not shown how the outcome of his trial might have been different had Henley done so.[12] Accordingly, he has failed to carry his burden of showing that any alleged deficiency prejudiced his defense.[13]

*Judgment affirmed. Andrews, P. J., concurs. Phipps, J., concurs specially.*

PHIPPS, Judge, concurring specially.
Although I concur fully with Division 2, I write separately to specially concur with Division 1.

---

[10] (Punctuation omitted.) *Ney v. State*, 227 Ga. App. 496, 499 (4) (489 SE2d 509) (1997), citing *Strickland v. Washington*, 466 U. S. 668, 688 (104 SC 2052, 80 LE2d 674) (1984).

[11] (Citations and punctuation omitted.) *Wynn v. State*, 228 Ga. App. 124, 127 (3) (491 SE2d 149) (1997).

[12] See *Ford v. State*, 272 Ga. App. 798, 800 (613 SE2d 234) (2005).

[13] See id. at 799.

In *Tyler v. State*,[14] we recognized that evidence that a defendant charged with child molestation was himself molested as a child is both irrelevant and prejudicial.[15] It is prejudicial because it permits the jury to infer that "any molestation of [the defendant] as a child would have increased his propensity to become a child molester."[16]

In this case, the trial court allowed the prosecutor, over objection, to question Osmer about the fact that he had been molested as a child by his stepfather. Notwithstanding our holding in *Tyler*, the majority concludes that the trial court did not err because (1) evidence of Osmer's history of molestation was relevant; and (2) the prosecutor did not elicit hearsay testimony about matters not in evidence, as occurred in *Tyler*. The majority also concludes that any error in allowing the prosecutor to question Osmer about his history of molestation was harmless because such evidence was cumulative. I disagree with the majority's conclusion that no error occurred. Nevertheless, under the facts of this case, I am compelled to conclude that the error was harmless.

The trial court should not have allowed the questioning at issue. Evidence of Osmer's history of molestation was not relevant. The state argues that such evidence showed that Osmer knew that he could have stopped the abuse of his female cousin (the victim's younger sister) by reporting it to the proper authorities, because Osmer's own abuse ended after he reported it to a school counselor years before. Thus, the state contends, such evidence was relevant to undermine Osmer's credibility by refuting his theory that his victim made up the molestation allegations to retaliate against him for speaking out about the victim's molestation of the victim's younger sister. But the salient point is that Osmer knew how to report allegations of child molestation, not that he had been molested as a child. The prosecutor could have elicited testimony that Osmer had previously made a report of child molestation without delving into his personal history of molestation.

And even though this case did not involve the prosecutor's intentional eliciting of hearsay testimony from a state's witness, as did *Tyler*, the fact remains that evidence of a defendant's history of child molestation is irrelevant and prejudicial, no matter how the prosecutor introduces that history into evidence. The majority opinion obscures that fact.

The trial court's error in allowing the evidence, however, is not reversible. As the majority points out, a defense witness already had

---

[14] 266 Ga. App. 221 (596 SE2d 651) (2004).

[15] Id. at 223 (2).

[16] Id.

referred, without objection, to Osmer's history of molestation. During cross-examination of Osmer's friend Loden, the prosecutor asked, "In the course of you disclosing that you had been molested, did [Osmer] disclose that he had been molested?" Loden responded, "Yes." Osmer did not object to this testimony. Later, on direct examination, Osmer testified he and Loden "talked about some things that me and her had in common." Because this statement immediately followed Osmer's observation that Loden had been molested as a child, it seemed to allude to Osmer's own history of molestation.

In addition, the evidence of Osmer's guilt, although not overwhelming, appears to have been stronger than the evidence against the defendant in *Tyler*. Although the case ultimately boiled down to a credibility contest between Osmer and the victim, multiple state witnesses corroborated various aspects of the victim's testimony, and there were inconsistencies in Osmer's testimony. Finally, the prosecutor did not argue to the jury that Osmer's history of molestation increased the likelihood that he would become a child molester. Instead, the prosecutor contended that Osmer was not a credible witness and that his version of the events was less believable than the victim's. Under these circumstances — where the prejudicial evidence was cumulative, the victim's testimony was corroborated, and the prosecutor did not draw improper inferences from the evidence — it is "highly probable that the error did not contribute to the judgment."[17]

DECIDED SEPTEMBER 15, 2005.

*Berry & Reynolds, D. Victor Reynolds*, for appellant.
*James R. Osborne, District Attorney, Fred A. Lane, Jr., William M. Clark, Assistant District Attorneys*, for appellee.

---

[17] *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976) (citation and punctuation omitted) (setting forth "highly probable test" as standard for determining whether nonconstitutional error was harmless).