## A08A1572. DINGLER v. THE STATE.
(666 SE2d 441)

BLACKBURN, Presiding Judge.

Following a jury trial, Larry Dingler appeals his conviction for violating the Georgia Controlled Substances Act (GCSA),[1] contending that (1) the evidence was insufficient to support the verdict, (2) the trial court erred by admitting certain evidence seized from a co-defendant, (3) the State improperly commented on his failure to present evidence, (4) the State improperly referred to a co-defendant's guilty plea not in evidence, and (5) the trial court erroneously prohibited him from explaining the terms of a co-defendant's guilty plea. For the reasons that follow, we affirm.

1. Dingler challenges (i) the sufficiency of the evidence supporting his conviction and (ii) the trial court's denial of his motion for a directed verdict on sufficiency grounds. We hold that the evidence was sufficient.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an

---

appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[2] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict. The standard of *Jackson v. Virginia* is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged.

(Citation and punctuation omitted.) *McClendon v. State*.[3]

So viewed, the evidence shows that police executed a search warrant at a rural residence suspected to contain large quantities of methamphetamine. When police arrived, Dingler, his wife (Wanda), and two others were standing outside a barn on the premises. Police handcuffed all four people and during a pat-down search discovered a small amount of methamphetamine in Wanda's pocket. During their search of the barn, police found more than a pound of methamphetamine along with a small quantity of marijuana. In the residence, police found approximately $1,600 in cash and a rifle.

All four people at the barn were arrested, and Dingler was charged with two violations of the GCSA based on the methamphetamine and marijuana in the barn. At trial, Dingler's co-defendant (Michael Feith), who lived at the residence, testified that one quarter pound of the methamphetamine was Dingler's and that Dingler had just arrived to pick up some of the methamphetamine Feith had been storing in the barn for Dingler. Feith further testified that Dingler had introduced him to a man who delivered large amounts of methamphetamine to the barn and that Dingler had come to the barn two to three times a week to pick up smaller portions of methamphetamine to sell. There was no testimony associating Dingler with the marijuana in the barn, and Dingler successfully moved for a directed verdict as to that count.

Dingler now contends that the evidence was insufficient to support the verdict and that the trial court erred in denying his motion for a directed verdict as to the methamphetamine count, in that the sole evidence of his guilt was the uncorroborated testimony of a co-defendant. We disagree.

OCGA § 24-4-8 provides that, in a felony case, the testimony of

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *McClendon v. State*, 287 Ga. App. 238, 239 (1) (651 SE2d 165) (2007).

a single witness who is an accomplice is not sufficient to establish a fact, absent corroborating circumstances.

> The sufficiency of the corroborating evidence is a matter for the jury, and if the verdict is based upon the *slightest* evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient. The *corroboration need not be sufficient to warrant a guilty verdict* or prove every material element of the crime; *it need only tend to connect and identify the defendant with the crime charged.*

(Punctuation and footnote omitted; emphasis supplied.) *Reynolds v. State.*[4] See *Hewitt v. State.*[5]

Here, the State argues that Dingler's presence with Feith outside the barn where the methamphetamine was found corroborates Feith's testimony. Thus, the issue turns on whether Dingler's presence with Feith outside the barn, when construed in the light most favorable to the verdict, could be viewed as corroborating, even slightly, Feith's testimony that Dingler had just arrived to pick up some of the methamphetamine that Feith stored in the barn for Dingler. We hold that a rational trier of fact could conclude that the circumstances corroborated Feith's testimony. Dingler was with Feith on private property in a rural area outside the barn in which the methamphetamine was found. While this evidence alone would not be sufficient to sustain a conviction, we emphasize that here "there is more than mere presence. There is the accomplice's testimony. . . ." *Etchison v. State.*[6] Accordingly, the State need only have provided "slight evidence of corroboration." (Punctuation omitted.) *Hewitt v. State*, supra, 277 Ga. at 329 (1) (a). We find that the circumstances, including Dingler's undisputed presence with Feith outside of Feith's barn in which police (who testified) found the methamphetamine, when viewed in the light most favorable to the jury's verdict, were slight evidence corroborating Feith's eyewitness account that Dingler had just arrived to pick up his methamphetamine. See *Dunn v. State;*[7] *Etchison v. State*, supra, 266 Ga. App. at 528 (1). Therefore, the evidence sufficed to support Dingler's conviction under OCGA § 16-13-31 (e), and the trial court did not err in denying Dingler's motion for a directed verdict.

2. Dingler contends that the trial court erred by admitting

---

[4] *Reynolds v. State*, 267 Ga. App. 148, 151-152 (3) (598 SE2d 868) (2004).
[5] *Hewitt v. State*, 277 Ga. 327, 329 (1) (a) (588 SE2d 722) (2003).
[6] *Etchison v. State*, 266 Ga. App. 528 (1) (597 SE2d 583) (2004).
[7] *Dunn v. State*, 277 Ga. App. 209, 210 (1) (626 SE2d 174) (2006).

evidence of his wife's possession of methamphetamine. We discern no reversible error.

During trial, the State introduced a small packet of methamphetamine that police found in Wanda's pocket during a pat-down search. Dingler now contends that this was error. Pretermitting whether this was error, see, e.g., *Smith v. State*[8] ("[a]ll circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them") (punctuation omitted), we note that the exhibit was admitted after the witness presented unchallenged testimony fully describing Wanda's possession of the packet of methamphetamine: "We located the methamphetamine on Wanda Dingler," Wanda was "digging" in her pocket where the methamphetamine was found, and police "found a quantity of suspected [and later confirmed] drugs on Wanda Dingler." In light of this unchallenged testimony, the admission of the methamphetamine itself was harmless, as it was cumulative of the testimonial evidence to which Dingler did not object and does not challenge here. See *Dawson v. State*[9] (admission of one allegedly objectionable autopsy photograph was harmless in light of unchallenged admission of four other autopsy photographs); *Osmer v. State*.[10]

3. Dingler next contends that the State inappropriately commented on his failure to offer evidence in his defense. We discern no reversible error.

During the closing argument, the State offered the following statement:

> Now, ladies and gentlemen, as I said the burden of proof is on the State to prove the defendant's guilt beyond a reasonable doubt. The defendant is not required to come in here and prove his innocence. The defendant is not obligated to present evidence. The defendant certainly had an opportunity to present evidence. And he didn't though. So the State's evidence stands unrebutted and unrefuted. Because we are here to base this case on the evidence.

Dingler now contends that this was an inappropriate comment on his failure to present evidence in his defense. However, having failed to object or seek a curative instruction in the trial court, he cannot assert this as error on appeal. See *Miller v. State*[11] ("[a]

---

[8] *Smith v. State*, 285 Ga. App. 399, 401 (2) (646 SE2d 499) (2007).

[9] *Dawson v. State*, 258 Ga. 416, 417 (2) (369 SE2d 760) (1988).

[10] *Osmer v. State*, 275 Ga. App. 506, 508 (1) (621 SE2d 519) (2005) (physical precedent only).

[11] *Miller v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996).

defendant must object to the alleged impropriety at the time it occurs in order to afford the trial court the opportunity to take remedial action").

Nevertheless, we note that

> [t]he State's comments were not directed at the defendant's decision not to testify; instead, they were directed at defense counsel's failure to rebut or explain the State's evidence. The complained of portion of the prosecutor's closing argument was a comment on [Dingler's] failure to produce evidence, not a prohibited comment on [his] failure to testify.

(Citations and punctuation omitted.) *Jennings v. State*.[12] It is permissible for the State to "comment on the general failure of the defense to produce any evidence, since counsel for the State may argue that evidence showing guilt has not been rebutted or contradicted." (Punctuation omitted.) *Ponder v. State*.[13]

4. Dingler also contends that the State's closing argument improperly referred to the fact that Wanda pled guilty, because the plea itself was not admitted as evidence. However, Dingler failed to object or seek a curative instruction, and in Dingler's own closing, his attorney also referenced Wanda's guilty plea, arguing that it should be viewed to exonerate Dingler. Such acquiescence cannot serve as grounds for reversal. See *Compton v. State*.[14] Moreover, "[u]nless the [trial] court's attention is called to such improper argument and a ruling invoked upon the trial, it is too late to raise the point for the first time" on appeal. (Punctuation omitted.) *Carson v. State*.[15] See *Smith v. State*.[16] Accordingly, Dingler has waived consideration of this error on appeal.

5. Dingler finally contends that the trial court erred in refusing to allow him to explain that the terms of his wife's guilty plea prohibited her from testifying in his favor. We discern no reversible error.

During her closing argument, Dingler's attorney stated, "The other thing I'd like to point out is . . . the prosecutor talked about Wanda Dingler. Let me just go back to that a little more. What he didn't tell you as part of her plea agreement she couldn't testify." The State successfully objected on the ground that the terms of her

---

[12] *Jennings v. State*, 282 Ga. 679, 682 (4) (653 SE2d 17) (2007).
[13] *Ponder v. State*, 268 Ga. 544, 546 (2) (491 SE2d 363) (1997).
[14] *Compton v. State*, 281 Ga. 45, 46 (2) (635 SE2d 766) (2006).
[15] *Carson v. State*, 259 Ga. App. 21, 23 (3) (576 SE2d 12) (2002).
[16] *Smith v. State*, 277 Ga. 213, 218 (11) (b) (586 SE2d 639) (2003).

plea agreement had not been admitted into evidence. Dingler asserts this ruling was error, because it prohibited him from explaining that he could not call his wife to testify in his defense. However, under OCGA § 17-8-75, "[w]here counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court [upon objection] to interpose and prevent the same." See *Dix v. State*.[17] Therefore, in light of the State's objection, the trial court did not err in prohibiting further comment by Dingler's attorney about the terms of Wanda's plea agreement, because those terms had not been admitted into evidence. See *Washington v. State*.[18]

   *Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 24, 2008.

   *Garland C. Gary Moore*, for appellant.
   *Peter J. Skandalakis, District Attorney, Raymond C. Mayer, Assistant District Attorney*, for appellee.

---

[17] *Dix v. State*, 246 Ga. App. 338, 340 (2) (540 SE2d 294) (2000).
[18] *Washington v. State*, 268 Ga. 598, 601 (4) (492 SE2d 197) (1997).
[1] OCGA § 16-8-41 (a).
[2] OCGA § 16-11-106 (b) (1).
[3] OCGA § 16-8-2.
[4] OCGA § 16-7-21 (a).