### A09A1713. WILLIAMS v. THE STATE.
(683 SE2d 860)

MIKELL, Judge.

Lakeisha Michelle Williams was jointly indicted with Antonio M. Conley, Sabrina M. Pierce, and Sedrick S. Williams ("Sedrick") on one count each of possession of marijuana with intent to distribute[1] and possession of less than an ounce of marijuana. Williams and Conley were tried together.[2] Pierce pleaded guilty before trial and testified against Williams. Williams was convicted of both offenses. The trial court merged the misdemeanor with the felony and sentenced Williams to ten years, including four to serve. On appeal from the order denying her motion for new trial, Williams raises the general grounds. We affirm.

Construed in the light most favorable to the verdict,[3] the evidence shows that on May 26, 2005, Robert Jones and Brian Bunce, narcotics agents with the Bartow County Sheriff's Department, executed a search warrant at an apartment on North Erwin Street in Cartersville. The agents discovered Pierce in the living room along with a shoe box full of marijuana in baggies, $78 in cash, and a second bag of marijuana on a table. A search of the upstairs front bedroom yielded a large bag of marijuana, digital scales, and more plastic baggies. Income tax return information from a service provider addressed to Williams, including W-2 forms, was found in an open dresser drawer in that bedroom. A receipt issued to Williams on April 27, 2004, for automobile repairs was found in a bucket next to the bed. A semi-automatic rifle, a second set of scales, and a diaper bag containing $602 in cash were found in the rear bedroom. Jones ran Williams's name through a computer database, and it showed the North Erwin Street apartment as her address. Altogether, the marijuana seized on May 26 weighed 245 grams, or 8.6 ounces.

---

[1] OCGA § 16-13-30 (j) (1).
[2] Conley was acquitted of the felony charge and convicted of the misdemeanor.
[3] See *Dingler v. State*, 293 Ga. App. 27-28 (1) (666 SE2d 441) (2008).

On June 24, 2005, at 9:00 a.m., Jones returned to the apartment to serve an arrest warrant on Williams. Jones found her in bed with Conley in the upstairs front bedroom. A small bag of marijuana was on top of the dresser. Williams was charged as a party to the crimes of possession of marijuana with intent to distribute and misdemeanor possession of marijuana.

At trial, Pierce testified that on May 26, Williams and her brother, Sedrick, who was Pierce's boyfriend, were living together in the apartment, and Conley, who was Williams's boyfriend, stayed there often. Williams and Conley shared the front bedroom, and Pierce and Sedrick lived in the rear bedroom. Pierce testified that she sold marijuana out of the apartment for Williams, in exchange for which Williams paid her $300 per week; that Williams gave Pierce the marijuana to put into baggies for sale; and that the digital scales on which Pierce weighed the marijuana belonged to Williams. Pierce further testified that on May 26, Williams left marijuana in a box downstairs for Pierce to sell.

In her sole enumeration of error on appeal, Williams contends that the evidence was insufficient to support her conviction because no evidence linked her to the offenses other than Pierce's uncorroborated testimony. It is true that in Georgia, a defendant may not be convicted solely on an accomplice's testimony.[4] However, "[s]light corroborative evidence from an extraneous source is all that is required to support the verdict, and it may be by circumstantial evidence."[5] "The *corroboration need not be sufficient to warrant a guilty verdict* or prove every material element of the crime; *it need only tend to connect and identify the defendant with the crime charged.*"[6] Thus, "if the verdict is based upon the *slightest* evidence of corroboration connecting an accused to a crime, even if it is circumstantial, it is legally sufficient."[7] Finally, whether the state presents sufficient evidence to corroborate the accomplice's testimony "is peculiarly a matter for the jury to determine."[8]

In the case at bar, the physical evidence found in the apartment, particularly that found in the bedroom occupied by Williams, was circumstantial evidence slightly corroborating Pierce's testimony that connected Williams with the marijuana. Tax return information in an open dresser drawer as well as a computer check of Williams's address slightly corroborated Pierce's testimony that Williams

---

[4] OCGA § 24-4-8.

[5] (Citation omitted.) *Fain v. State*, 211 Ga. App. 399, 400 (1) (439 SE2d 64) (1993).

[6] (Citations and footnotes omitted; emphasis in original.) *Dingler*, supra at 29 (1).

[7] (Citations and footnotes omitted; emphasis in original.) Id.

[8] (Citation and punctuation omitted.) *Sparks v. State*, 234 Ga. App. 11, 12 (1) (505 SE2d 555) (1998).

resided in the upstairs front bedroom. In addition, Jones testified that the volume of marijuana seized from that bedroom along with the packaging material and the scales all reflected an intent by the occupant of that room to distribute the drug. We find that the circumstances, when viewed in the light most favorable to the verdict, provided slight evidence corroborating Pierce's testimony that Williams possessed marijuana in the apartment and gave it to Pierce to sell.[9] The evidence was thus sufficient to sustain Williams's conviction of possession with intent to distribute marijuana.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 20, 2009.

*Christopher G. Paul*, for appellant.
*T. Joseph Campbell, District Attorney*, for appellee.

---

[9] See *Dingler*, supra; *Fain*, supra at 401 (1).