## 27796. PHILLIPS v. THE STATE.

UNDERCOFLER, Justice. Lump Phillips, Jr., was convicted of the offense of armed robbery and sentenced to seven years to serve five years with the balance of the sentence probated. The appellant appeals to this court. *Held:*

1. Charles B. Bowens, Jr., was called as a witness for the appellant. He testified that on the day of the robbery the appellant was in his store between 4 and 5 p.m. The robbery occurred at 4:15 p.m. The evidence shows that Charles B. Bowens, Jr., was a business partner of the appellant. On cross examination the prosecutor asked the appellant the full name of his business partner. The appellant replied that his name was Charles Bowens and that he did not know whether he had a middle name. "Q. . . isn't he in fact the Charles D. Bowens that was found guilty of six counts of auto larceny." An objection was made by the appellant to the question and the objection was sustained by the court.

The appellant contends here that it was the duty of the trial court to prevent this purportedly prejudicial matter from being brought before the jury and to rebuke counsel under Code § 81-1009 without a request to do so.

We do not agree. There was no motion for the rebuke of counsel nor for a mistrial. The objection of the appellant was sustained. If the appellant desired the

trial court to reprimand counsel, he should have so moved. See *Purcell v. Hill,* 220 Ga. 663 (141 SE2d 152); *Pritchard v. State,* 225 Ga. 690 (171 SE2d 130).

2. The trial court charged the jury: "I charge you that intent to commit a theft is a material element of any robbery, armed or otherwise, and I charge you that an intent may be shown in many ways provided you, the jury, believe that it existed from the facts proven to you, but intent may be inferred from the proven circumstances, proven acts or proven conduct. *Intent may be inferred when it is the natural and necessary consequence of a proven act or proven conduct.*"

The appellant contends that the emphasized portion of this charge is in conflict with Code Ann. § 26-605 which provides: "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." Ga. L. 1968, pp. 1249, 1269.

There is no merit in this contention. The emphasized portion of this charge follows this Code section and is not in conflict with it.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 13, 1973 — DECIDED APRIL 13, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Dennis S. Mackin, James H. Mobley, Jr., Morris H. Rosenberg, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Daniel I. MacIntyre, Assistant Attorneys General,* for appellee.