A90A1861. WILLIAMS v. TERRY et al.
(398 SE2d 239)

DEEN, Presiding Judge.

Lurner O. Williams brought a medical malpractice lawsuit against Dr. Daniel B. Terry, Jr., and the Hospital Authority of Ware County, d/b/a Memorial Hospital of Waycross, alleging that the defendants negligently left a surgical sponge in his abdomen during a 1979 operation. The jury verdict was in favor of the defendants, and Williams appeals.

1. Williams contends that the trial court erroneously excluded the deposition testimony of his expert witness as to the lack of necessity for the surgery, and his opinion as to the improper operative procedure taken by the defendants which caused massive bleeding.

Any claim of negligent performance of the 1979 surgery was barred by a two-year statute of limitation. OCGA § 9-3-71. This statute of limitation, however, does not apply where a surgeon negligently leaves a foreign object in a patient's body, so long as the object remains undetected. In such a case, an action must be brought within one year after the date of discovery. OCGA § 9-3-72, Ringewald v. Crawford W. Long Mem. Hosp., 258 Ga. 302, 303 (368 SE2d 490) (1988). Williams' action on this claim was timely filed.

Prior to trial, at the hearing on the motion in limine, Williams contended that the purpose of submitting the excluded testimony was to rebut either any defense that the surgery was an emergency or that exigencies arose during the course of surgery which may have caused the sponge to be left in Williams' abdomen. The only testimony which raised the anticipated defenses was Dr. Terry's testimony that six doctors were called in to save Williams' life, and that the surgery took three hours to perform. This testimony, however, was introduced only to rebut the plaintiff's testimony that he was not given the "standards of care exercised on a healthy person" because he was handicapped and confined to a wheelchair.

The admission of evidence is discretionary with the trial court, and this court will not interfere with that court's ruling absent abuse. Gully v. Glover, 190 Ga. App. 238, 242 (378 SE2d 411) (1989); Palmer v. State, 186 Ga. App. 892, 898 (369 SE2d 38) (1988). As this testi-

mony was elicited solely to respond to plaintiff's contention that he did not receive acceptable medical care because he was handicapped, we find no abuse of the trial court's discretion in disallowing the complained-of portion of the expert witness' testimony.

2. Williams' claim that the trial court's offer of the verdict form to defense counsel during closing argument constituted an expression of opinion in favor of the defendants is totally without merit.

Both counsel were present prior to closing argument when the court offered the verdict form to defense counsel so that it could be used during argument to the jury. Plaintiff's counsel raised no objection and presumably was being offered the same opportunity to use it if he so chose. During the jury charge, the trial court instructed the jury as to all parts of the verdict form. There was absolutely no indication that the trial court was approving the defendants' case. Moreover, failure of the plaintiff to object when the court first offered the form to counsel does not preserve a reviewable issue for this court's consideration. The party asserting error has the duty to raise a timely objection or he waives the right to have the asserted error reviewed on appeal. *Ely v. State*, 192 Ga. App. 203, 205 (384 SE2d 268) (1989).

3. Appellant further contends that the lower court erred in failing to rebuke defense counsel, and in not giving curative instruction after he objected to defense counsel's argument pertaining to medical records which had not been introduced into evidence.

The transcript shows that the court sustained the plaintiff's objection and noted that "the jury knew that they're not admissible because they saw the court refuse to admit them. Now that's enough of that." No request for curative instructions or rebuke of counsel was made. "[I]t is well-settled that a sustained objection to improper argument of counsel cannot serve as the basis for reversal unless it is contemporaneous with a denied motion for mistrial, denied request to strike, or denied request for curative instructions." *Carver v. State*, 185 Ga. App. 436, 438 (364 SE2d 877) (1987). There is therefore no merit in this enumeration.

4. Appellant also asserts the general grounds. It is well-established that " 'an appellate court is without jurisdiction or authority to interfere with a verdict supported by some evidence, even where the verdict may be against the preponderance of the evidence.' [Cit.]" *Target Properties v. Gilbert*, 192 Ga. App. 161, 162 (384 SE2d 188) (1989). On appeal, the evidence is viewed in the light most favorable to the jury verdict. *Ackerman/Adair Realty Co. v. Coppedge*, 155 Ga. App. 903, 907 (273 SE2d 645) (1980).

The evidence showed appellant was crushed against his garage wall by a runaway vehicle in October of 1979. He was admitted to Memorial Hospital of Waycross where he was treated for broken bones and internal injuries. Two days later, Dr. Terry performed ex-

ploratory surgery to determine the source of internal bleeding. In 1985 appellant began to experience stomach pains, and two years later his problem was diagnosed as the presence of a foreign object in the abdominal cavity. A fibrous tumor attached to the walls of the small intestine was surgically removed in November of 1987. Inside the tumor was a large surgical gauze. Trial testimony showed that the sponge which was found in the right lower quadrant of plaintiff's abdomen was not near the operative field of Dr. Terry's 1979 surgery. The plaintiff's expert witness agreed that it would not have been possible for the sponge to have moved from one side of the abdomen to the other. Dr. Terry testified that as there was no bleeding in the area where the sponge was later located, his operative field would not have included that area of the abdomen. The medical records indicated that all the sponges used during the surgery were accounted for by the surgical team. Appellant admitted that he had undergone kidney and hernia surgery prior to the exploratory surgery. We find that the evidence is sufficient to sustain the jury verdict.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 9, 1990.

*Wilkes, Johnson & Smith, Ken W. Smith*, for appellant.
*Terry A. Dillard, Bryant H. Bower, Jr.*, for appellees.