## A92A1705. GRO ASSOCIATES, INC. v. KERR et al.

(430 SE2d 647)

ANDREWS, Judge.

GRO Associates, Inc. appeals from judgment entered on the defendants' verdict in GRO's suit for breach of a real estate brokerage agreement. We reverse.

Viewed in favor of the verdict, the evidence showed that Mr. and Mrs. Kerr, defendants, owned and operated a lakeside mountain resort, Kerrs' Lakeside Cottages. Because the business was not as profitable as anticipated, the Kerrs were attempting to sell the real estate and the business in May 1987. They had a "For Sale By Owner" sign in the yard in response to which George Oscar stopped to discuss the possibility of his listing the property with International Business Investments, a subsidiary of Corporate Investment Business Brokers (CIBB) which brokered both businesses and real estate.

Mr. Kerr explained that the cottages were closed from October through May each year and that he saw no sense in listing the property through the winter. Further, Mr. Kerr said he would not list the property exclusively. Oscar said if they came up with a buyer independently, there would be no problem. Mrs. Kerr also expressed concern over the year period and the non-cancellation clause in the contract. Oscar told them that, although the written broker agreement would reflect a selling period from May 26, 1987 to May 25, 1988 and stated that it was irrevocable, this was required by the company and

there was no problem and the Kerrs could, in fact, cancel the agreement at any time. The Kerrs then signed the agreement. Having not seen Oscar for awhile, Mr. Kerr called CIBB in September and was told that Oscar no longer worked there. About two weeks later, Oscar came by the property and told the Kerrs that he had his own business, GRO Associates, and had prepared a cancellation notice for the Kerrs' signatures to be used to cancel the CIBB agreement so that they could enter into one with GRO Associates.

Because the cottages were closing for the winter at the end of October, Mr. Kerr again discussed with Oscar that they would be cancelling the agreement then and Oscar again assured them that they could cancel at any time. They then signed the cancellation letter to CIBB which Oscar had prepared, dated September 28, and the new agreement with GRO Associates, which was dated September 30. That agreement was identical to the one signed with CIBB, except that GRO Associates was substituted as the broker.

On October 24, the Kerrs sent a handwritten letter cancelling this agreement, using the exact language which Oscar had prepared for their cancellation of the CIBB agreement. After Mr. Kerr left for his winter hunting trip, Glenda Parker Realty was contacted by Raymond, a developer who lived in the area, and asked to determine if the Kerr property was for sale. She then contacted Mrs. Kerr and the property was eventually sold to Raymond and a commission paid to Parker Realty.

GRO Associates, Inc. sued, contending that it was entitled to a commission under the Broker Agreement. The Kerrs defended, alleging fraud in the inducement of the contract, estoppel, and waiver.

1. GRO enumerates as error the denial of the motion in limine to exclude oral communications and agreements not contained within the four corners of the Broker Agreement.

At the beginning of the trial, GRO made its motion in limine, relying on *Cosby v. A. M. Smyre Mfg. Co.*, 158 Ga. App. 587, 591 (6) (281 SE2d 332) (1981). After hearing argument, the court overruled the motion, but stated that "I may take another look at it when the evidence is offered."

Thereafter, when the oral statements were introduced into evidence, no objections were made, nor was the motion in limine renewed. "In this state it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which [the party] might have had." (Citations and punctuation omitted.) *Hall County Mem. Park v. Baker*, 145 Ga. App. 296, 298 (4) (243 SE2d 689) (1978). Therefore, GRO has failed to preserve this objection for our review. *Horan v. Pirkle*, 197 Ga. App. 151, 152

(1) (397 SE2d 734) (1990).[1]

2. The second enumeration deals with the denial of GRO's motion for directed verdict made at the close of the defendants' case.

The motion was based on the terms of the Broker Agreement and was premised in part on the merger clause which stated that "[t]his Agreement constitutes the entire Agreement between the parties hereto, supersedes all previous agreements and understandings between them, and shall not be modified except in writing executed by the parties. No representation or promises are made other than as expressly set forth herein." GRO argued that the parol evidence contradicting this clause was inadmissible to vary the terms of the written document which provided that, if the property sold during the one-year period, either through the efforts of the broker or otherwise, a commission was owed.

"[I]t has been generally held that where a contract contains [a 'merger' or 'entire agreement'] clause, and the [party is] claiming fraud in the inducement . . . the [party] is precluded from making any assertion that he relied upon verbal misrepresentations, unless he can show that as a result of such misrepresentations he did not acquire knowledge of the contents of the contract. *Roller-Ice v. Skating Clubs of Ga.*, 192 Ga. App. 140, 141 (384 SE2d 235) (1989); *Jain v. Carload Delivery Svc.*, 189 Ga. App. 95, 96 (375 SE2d 99) (1988); *Del Mazo v. Sanchez*, 186 Ga. App. 120, 124 (366 SE2d 333) (1988)." *Great American Builders v. Howard*, 207 Ga. App. 236, 239 (1) (427 SE2d 588) (1993).

Therefore, GRO was entitled to a directed verdict on the contract since there was no contention that the Kerrs had not read and understood the contents of the written agreement.

3. In light of our decision in Division 2, we need not consider the third and fourth enumerations dealing with claimed errors in the charge.

*Judgment reversed. Birdsong, P. J., and Beasley, P. J., concur.*

Decided March 19, 1993 —
Reconsideration denied April 1, 1993

*Oliver & Woods, Ernest H. Woods III*, for appellant.

---

[1] In addition, we note that "[t]he admission of evidence is discretionary with the trial court, and this court will not interfere with that court's ruling absent abuse. [Cits.]" *Williams v. Terry*, 197 Ga. App. 209 (1) (398 SE2d 239) (1990). Fraud in the inducement of a contract may be pleaded as a defense to an action and evidence relating to it would be admissible. See *Potomac Leasing Co. v. Thrasher*, 181 Ga. App. 883, 886 (2) (354 SE2d 210) (1987).

*David E. Barrett, Gregory K. Morgan,* for appellees.