[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2003
THOMAS  K. KAHN
CLERK

No. 02-15448
Non-Argument Calendar

D. C. Docket No. 98-02373-CV-ODE

CONTINENTAL CASUALTY COMPANY,

Plaintiff-Appellee,

versus

BARBARA F. ADAMO,
Individually and in her capacity as
Administrator of the Estate of
SHANA SLAKMAN,
SHERWIN GLASS,

Defendants-Appellees,

BARRY S. SLAKMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northen District of Georgia

_____

**(April 2, 2003)**

Before ANDERSON, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Barry S. Slakman, proceeding pro se, appeals the district court's grant of summary judgment in favor of Barbara F. Adamo, Sherwin Glass, and Continental Casualty Co. in Continental's interpleader action. The district court found that Slakman was prohibited from recovering life insurance benefits under section 33-25-13 of the Code of Georgia, because he was convicted of murdering his wife, the insured. Slakman, however, asserts that section 33-25-13 does not prohibit recovery until his conviction becomes "final" under state law. As this case turns on an important question of state law for which there is no controlling precedent, we certify the question to the Georgia Supreme Court for resolution.

Shana Slakman, Slakman's wife and Adamo and Glass's daughter, was insured under a life insurance policy issued to Slakman by Continental, under which Slakman was the beneficiary. After Slakman was indicted for the murder of his wife, Continental initiated this interpleader action in the district court to resolve conflicting claims to the benefits under that policy.

Slakman initially was convicted of murdering his wife in 1994. Shortly thereafter, the district court granted summary judgment in favor of Continental, Adamo, and Glass, finding that section 33-25-13 barred Slakman's recovery of benefits under the policy. We, however, reversed the district court's grant of

summary judgment, because, during the pendency of the appeal, Slakman's conviction was vacated. *See Cont'l Cas. Co. v. Adamo*, 11th Cir. 2000, __ F.3d __ (No. 00-10594, Aug. 29, 2000). On remand, the district court stayed the case pending Slakman's retrial for the murder, and, after Slakman was retried and reconvicted, the parties renewed their motion for summary judgment. The district court, agreeing that Slakman forfeited all rights under the policy, granted the motion. This appeal followed.

"In diversity cases, a federal court applies the law of the forum in which it sits." *LaTorre v. Conn. Mut. Life Ins. Co.*, 38 F.3d 538, 540 (11th Cir. 1994). "Where[, however,] there is any doubt as to the application of state law, a federal court should certify the question to the state supreme court to avoid making unnecessary *Erie* guesses and to offer the state court the opportunity to interpret or change existing law." *Keener v. Convergys Corp.*, 312 F.3d 1236, 1241 (11th Cir. 2002) (per curiam) (internal quotation marks omitted).

Section 33-25-13 provides,

> No person who commits murder or voluntary manslaughter or who conspires . . . to commit murder shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy. A plea of guilty or *a judicial finding of guilt not reversed or otherwise set aside* as to any of such crimes shall be prima facie evidence of guilt in determining rights under this Code section. All

right, interest, estate, and proceeds in such an insurance policy shall go to the other heirs of the deceased who may be entitled thereto by the laws of descent and distribution of this state, unless secondary beneficiaries be named in the policy, in which event such secondary beneficiaries shall take.

O.C.G.A. § 33-25-13 (emphasis added). Under that statute, it is unclear whether an individual must be given the opportunity to challenge his conviction on direct appeal or by collaterally attacking his sentence before he is barred from recovering life insurance benefits. Moreover, a review of Georgia case law indicates that this issue has not been addressed directly by the courts.

As this case presents an important issue of Georgia law that has not been addressed by the Georgia Supreme Court, we certify the following question to the Georgia Supreme Court: WHETHER SECTION 33-25-13 OF THE CODE OF GEORGIA BARS AN INDIVIDUAL FROM RECEIVING BENEFITS UNDER A MURDER VICTIM'S LIFE INSURANCE POLICY BEFORE HIS CONVICTION AND SENTENCE BECOME "FINAL" UNDER STATE LAW. In so doing, we do not intend to restrict the court's consideration of the issue presented. "This latitude extends to the Supreme Court's restatement of the issue or issues and the manner in which the answers are given." *Washburn v. Rabun*, 755 F.2d 1404, 1406 (11th Cir. 1985). To assist the court in considering this

4

question, the record in this case and the parties' briefs shall be transmitted to the court.

QUESTION CERTIFIED.