S03Q1075. SLAKMAN v. CONTINENTAL CASUALTY COMPANY et al.
(587 SE2d 24)

HUNSTEIN, Justice.

Shana Slakman, the wife of appellant Barry Slakman and daughter of appellees Barbara Adamo and Sherwin Glass, was insured under a life insurance policy issued by appellee Continental Casualty Company naming her husband as the beneficiary. After Shana's death and Slakman's indictment for her murder, Continental initiated an interpleader action in United States District Court to resolve conflicting claims to the benefits under the policy. Slakman subsequently was convicted of murder and his motion for new trial is currently pending before the Fulton County Superior Court. After Slakman's conviction, the district court granted summary judgment in favor of appellees finding that Slakman was prohibited from recovering life insurance benefits under OCGA § 33-25-13. Slakman filed an appeal in the United States Court of Appeals for the Eleventh Circuit, which certified to this Court the question of whether OCGA § 33-25-13 bars an individual from receiving benefits under a murder victim's life insurance policy before his conviction and sentence

become final under state law.[1] We hold that it does not.

OCGA § 33-25-13 provides:

> No person who commits murder or voluntary manslaughter or who conspires with another to commit murder shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy. A plea of guilty or a judicial finding of guilt not reversed or otherwise set aside as to any of such crimes shall be prima-facie evidence of guilt in determining rights under this Code section.

Pursuant to the plain language of the statute, an individual may be barred from receiving the benefits of a life insurance policy even in the absence of a criminal conviction if it is determined under the appropriate standard of proof that the individual committed murder or voluntary manslaughter or conspired to commit murder. Criminal proceedings against the individual may give rise to prima facie evidence of guilt for purposes of OCGA § 33-25-13 only upon the entry in the criminal prosecution of a guilty plea or a judicial finding of guilt not reversed or otherwise set aside.

Appellees urge this Court to construe OCGA § 33-25-13 to provide that prima facie evidence of guilt arises after entry of a criminal conviction alone, regardless of whether the conviction is final under Georgia law. Unlike the foreign statutes upon which they rely, however, OCGA § 33-25-13 establishes prima facie evidence of guilt not upon the mere conviction of a criminal defendant but "upon a judicial finding of guilt not reversed or otherwise set aside." Accordingly, we reject appellees' proposed construction of the statute. Likewise we reject Slakman's proposed construction that would equate the phrase "not reversed or otherwise set aside" with the right to exhaust every potential collateral challenge to a criminal conviction. Collateral challenges, such as habeas corpus, are not part of the criminal proceeding but are intended to provide an avenue for upsetting judgments that have otherwise become final. See *Gibson v. Turpin*, 270 Ga. 855 (1) (513 SE2d 186) (1999). Further, nothing in the language

---

[1] Slakman was first convicted of the malice murder of his wife and sentenced to life imprisonment in May 1994. After his conviction, the United States District Court granted summary judgment in favor of Continental, Adamo and Glass in the interpleader action. Slakman appealed. While the appeal was pending in the Eleventh Circuit Court of Appeals, Slakman's criminal conviction was reversed by this Court, see *Slakman v. State*, 272 Ga. 662 (533 SE2d 383) (2000), and the case remanded to the trial court. Because of the reversal, the Eleventh Circuit reversed the district court's grant of summary judgment and remanded the case to the district court. The district court then stayed the case pending Slakman's retrial. Slakman was retried and reconvicted, after which the parties to the interpleader action renewed their motions for summary judgment in the district court.

of the statute or its legislative history suggests that the General Assembly intended to indefinitely delay distribution of life insurance proceeds.

Rather, in construing OCGA § 33-25-13, we apply the fundamental rules of statutory construction that require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. *Gilbert v. Richardson*, 264 Ga. 744 (3) (452 SE2d 476) (1994); *State of Ga. v. C. S. B.*, 250 Ga. 261, 263 (297 SE2d 260) (1982). At the same time, we must seek to effectuate the intent of the legislature. OCGA § 1-3-1 (a).

With these principles in mind, we find that by including the phrase "not reversed or otherwise set aside" in OCGA § 33-25-13, the General Assembly intended to allow a criminal defendant to pursue a direct appeal of his conviction before allowing his conviction to serve as prima facie evidence of guilt in an OCGA § 33-25-13 civil proceeding. To hold otherwise would require us to ignore the limiting language "not reversed or otherwise set aside" and distort the meaning of the statute in violation of the rules of construction. Accordingly, we hold that under OCGA § 33-25-13 an individual's conviction in a criminal prosecution for the murder or voluntary manslaughter of the insured may serve as prima facie evidence of guilt in a civil proceeding brought pursuant to OCGA § 33-25-13 upon either the exhaustion of the individual's right to a direct appeal or the expiration of time within which a first direct appeal could have been timely filed. This construction furthers the public policy upon which OCGA § 33-25-13 is based, to insure "that no one shall be allowed to benefit from his own wrong," *Moore v. Moore*, 228 Ga. 489, 491 (186 SE2d 531) (1971), and affords an individual the opportunity to challenge a criminal conviction through a direct appeal before imperiling his rights to any insurance benefits.

*Question answered in the negative. All the Justices concur.*

DECIDED OCTOBER 6, 2003.

Barry S. Slakman, *pro se.*

*Carlock, Copeland, Semler & Stair, Charles E. Rogers, William P. Jones, Hassett, Cohen, Goldstein, Port & Gottlieb, Robert C. Port,* for appellees.