[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 1, 2004
THOMAS K. KAHN
CLERK

No. 02-15448
Non-Argument Calendar

_____

D.C. Docket No. 98-02373-CV-ODE

CONTINENTAL CASUALTY COMPANY,

Plaintiff-Appellee,

versus

BARBARA F. ADAMO,
individually and in her capacity as Administrator
of the Estate of SHANA SLAKMAN,
SHERWIN GLASS,

Defendants-Appellees,

BARRY S. SLAKMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 1, 2004)**

Before ANDERSON, BLACK and WILSON, Circuit Judges.

PER CURIAM:

Barry S. Slakman appealed the district court's grant of summary judgment in favor of Barbara F. Adamo, Sherwin Glass, and Continental Casualty Co. in Continental's interpleader action. We issued an opinion in the case on April 2, 2003, in which we certified the following question to the Georgia Supreme Court: "WHETHER SECTION 33-25-13 OF THE CODE OF GEORGIA BARS AN INDIVIDUAL FROM RECEIVING BENEFITS UNDER A MURDER VICTIM'S LIFE INSURANCE POLICY BEFORE HIS CONVICTION AND SENTENCE BECOME 'FINAL' UNDER STATE LAW." *See Cont'l Cas. Co. v. Adamo*, 326 F.3d 1181, 1183 (11th Cir. 2003) (per curiam).

The Georgia Supreme Court then answered the question in the negative. They held that a reading of OGCA § 33-25-13 that ensures that a conviction for murder or voluntary manslaughter may serve as prima facie evidence of guilt in a § 33-25-13 civil proceeding upon exhaustion of the right to appeal or the expiration of time within which a first direct appeal could be filed, furthers the public policy upon which OGCA § 33-25-13 is based. *See Slakman v. Cont'l Cas. Co.*, 587 S.E.2d 24, 27 (Ga. 2003). In addition, they held, such a reading "affords an individual the opportunity to challenge a criminal conviction through direct

2

appeal before imperiling his rights to any insurance benefits." *Id.* In light of that holding, we reverse the district court's order finding that Slakman forfeited all rights under the insurance policy at issue, and remand for proceedings not inconsistent with this opinion.

**REVERSED AND REMANDED.**