## A09A0323. WALLEY v. THE STATE.
### (680 SE2d 550)

SMITH, Presiding Judge.

Ray Walley appeals from his convictions for aggravated sexual battery and child molestation. Walley contends that the trial court erred by admitting similar transaction evidence and by failing to admonish the State for improper closing argument. He also claims that he received ineffective assistance of counsel. Finding no error, we affirm.

1. Walley asserts that the trial court erred by allowing the State to introduce evidence of his prior rape of a 22-year-old woman. He

---

[16] *Appling v. State*, 281 Ga. 590, 592 (5) (642 SE2d 37) (2007).
[17] *Hampton v. State*, 282 Ga. 490, 492 (2) (a) (651 SE2d 698) (2007).

484

argues that this other incident was not sufficiently similar to the allegations made against him by the 12-year-old victim in this case. We disagree.

The Georgia Supreme Court recently addressed this very issue in *Payne v. State*, 285 Ga. 137 (674 SE2d 298) (2009).[1] It concluded that

> [n]o Georgia case holds that the difference in age of the victims is alone determinative of similarity. Our precedent consistently holds that it is the totality of the similar facts surrounding the crimes which are properly considered in a similar transaction analysis. . . . [A] mere difference in age of the victims (one is an adult and the other a child) will not render the prior transaction inadmissible.

(Citations and punctuation omitted.) Id. at 139. It further stated that "the proper focus is on the similarities, not the differences between the separate crime and the crime in question." (Citation omitted.) Id. at 138. And, "[t]his rule is most liberally extended in cases involving sexual offenses because such evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent." (Citation and punctuation omitted.) Id.

Applying this standard to the facts before us, we conclude that the trial court's decision to admit the similar transaction was not clearly erroneous. See *Payne*, supra, 285 Ga. at 138-139. The 12-year-old victim in this case testified that Walley touched "her private part" underneath her underwear in the middle of the night while she was asleep. When she awoke, she "didn't really know what was happening." After she "realized what he was doing, [she] rolled over so that he would stop." Walley was her mother's live-in boyfriend, and the victim and her mother both testified that Walley and the victim had a good relationship, that they "were a family."

The similar transaction evidence demonstrated that Walley raped an incapacitated 22-year-old co-worker in her hotel room. The victim, a flight attendant, testified that she started vomiting repeatedly after working on a flight with Walley, the pilot. She believed that she may have eaten some bad food at an airport fast food restaurant,

---

[1] We note that in Walley's brief, counsel brought to our attention that this issue was then pending before the Georgia Supreme Court. Counsel did not, however, subsequently inform this court that the Georgia Supreme Court had issued its opinion in *Payne*, supra, even though he would have received a copy of it as counsel of record in that case. We remind counsel of his obligation "to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Georgia Rules of Professional Conduct 3.3 (a) (3).

but acknowledged that she consumed alcohol before becoming sick. She recalled Walley and the co-pilot assisting her to her hotel room where she vomited some more and then "felt like [she] blacked out." When she awoke, she saw her "bare legs in the air" and Walley sitting in front of her. When she looked to her left she saw the co-pilot, who "ran out of the room" as soon as they made eye contact. She then blacked out again and did not awake until morning. At that point, she discovered that her bra was undone, that her underwear was around her knees turned inside out, and that Walley was lying naked on the bed beside her. The victim yelled at him to leave and contacted her supervisor and the police. In an initial interview with police, Walley denied any sexual contact with the victim. In a later interview, Walley admitted that it was possible that he had had intercourse with the victim because he did not remember anything from the night before.

Based on this evidence, we cannot say that the trial court's decision to admit the similar transaction evidence was clearly erroneous. Both victims were females with whom Walley had a previous good relationship and over whom he had a position of authority. See *Attaway v. State*, 279 Ga. App. 781, 783-784 (3) (632 SE2d 397) (2006) (both victims known by defendant). Both incidents also occurred in the middle of the night when the victims were not fully alert or fully capable of resisting the initiation of sexual contact. See *Robbins v. State*, 277 Ga. App. 843, 844 (1) (627 SE2d 810) (2006) (similar transaction admitted when all attacks were "against women who were either asleep or alone and whom [defendant] knew or whom [defendant] had previously seen").

2. Walley contends the trial judge erred by failing to admonish the State and provide a curative instruction to the jury after improper closing argument. We cannot consider this issue because it has been waived.

The record shows that after Walley's counsel objected at length and asked for admonishment as well as a curative instruction, the trial judge acknowledged the request and instructed the State, "let's just move forward." When the State complied with the trial judge's request and resumed its closing argument in a different direction, Walley failed to renew his request for admonishment and a curative instruction and did not otherwise seek a ruling on these requests. "As a result, any issue concerning the propriety of the prosecutor's comments has been waived. If the trial court's curative action in sustaining the objection was insufficient, defense counsel should have sought additional relief." (Citation omitted.) *Fennell v. State*, 271 Ga. App. 797, 798 (1) (611 SE2d 96) (2005).

3. In his remaining enumeration of error, Walley contends his trial counsel was ineffective for failing to object to an improper jury

instruction and improper closing argument by the State related to this jury instruction. The record shows that the trial judge instructed the jury that the similar transaction evidence could be used "to corroborate the victim's testimony in the crime charged in the case now on trial." See Suggested Pattern Jury Instructions, Vol. II, § 1.34.10 (4th ed 2007).

We find no merit in this claim of error because Walley has failed to demonstrate that counsel rendered ineffective assistance by failing to object. Walley recognizes in his appellate brief that existing Georgia cases authorize the use of similar transaction evidence to corroborate a victim's testimony and related argument on this issue during the State's closing argument. See *Howse v. State*, 273 Ga. App. 252, 255 (2) (614 SE2d 869) (2005); *Rash v. State*, 207 Ga. App. 585, 586 (3) (428 SE2d 799) (1993). He asserts, however, that our decision in *Mikell v. State*, 281 Ga. App. 739 (637 SE2d 142) (2006), "pulled hard on the reins of this body of law" and limited the use of similar transaction evidence for corroboration in sexual abuse of children cases to only similar transactions involving other children. Even if our decision in *Mikell*, supra, had the effect suggested by Walley, it cannot be used to support an ineffective assistance of counsel claim in this case because it was decided *after* Walley's trial was completed. Failure to make a meritless objection does not amount to ineffective assistance of counsel. *King v. State*, 282 Ga. 505, 508 (2) (b) (651 SE2d 711) (2007).

Additionally, we disagree with Walley's assessment about the import of our decision in *Mikell*, supra. In *Mikell*, we did not impose any limitation on the use of similar transaction evidence for corroboration. Instead, we merely noted that

> [i]n cases of sexual abuse of children, evidence of prior sexual acts performed on other children is admissible to show the lustful disposition of the defendant toward children, and, because there is seldom a competent witness other than the victim to what occurred, to corroborate testimony of the victim as to the acts charged.

(Citation and punctuation omitted.) *Mikell*, supra, 281 Ga. App. at 742 (2). Because the issue was not before us, our opinion did not address whether similar transaction evidence involving adults could be used to corroborate the testimony of a child victim. Our statement that similar transaction evidence involving other children is admissible for corroboration should not be interpreted to mean that *only* this type of evidence is admissible for corroboration.

Having found no merit in any of Walley's enumerations of error, we affirm his convictions for aggravated sexual battery and child

molestation.

*Judgment affirmed. Phipps and Bernes, JJ., concur.*

DECIDED JUNE 23, 2009 ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Brian Steel*, for appellant.
*Penny A. Penn, District Attorney*, for appellee.