S10G0060. O'NEAL v. THE STATE.

(702 SE2d 288)

MELTON, Justice.

Following a jury trial, Frederick O'Neal was found guilty of armed robbery, aggravated assault, and obstruction of a law enforcement officer. During the State's closing argument at trial, the prosecutor stated:

> I'm going to invite y'all to come back to DeKalb County Superior Court courtroom — you can come to this courtroom or any of the other Superior courtrooms — watch trials for the next year. Okay. Come back and see how many times we have this much evidence.[1]

O'Neal objected to this argument, and his objection was sustained. However, the trial court did not give a curative instruction as requested by O'Neal, instead simply stating, "All right. All right. Just proceed on." O'Neal appealed to the Court of Appeals, arguing that the trial court erred by failing to give a curative instruction. In an unpublished opinion, the Court of Appeals held that O'Neal's failure to obtain a ruling on his request for a curative instruction

---

[1] The record reveals that both of the victims positively identified O'Neal as the person who held them at gunpoint and robbed them, and that O'Neal fled from an officer on foot when he was pulled over by the officer while driving a stolen car. Although the jury found O'Neal guilty of obstruction for fleeing the officer, and found him guilty of armed robbery, aggravated assault, and false imprisonment with respect to one of the victims, the jury was unable to reach a verdict with respect to the charges for aggravated assault and armed robbery of the other victim, and these charges were dead docketed.

waived the issue on appeal. *O'Neal v. State*, 299 Ga. App. XXIII (2009). We granted O'Neal's petition for a writ of certiorari and posed the following questions:

> Whether, if a defendant objects to a prosecutor placing prejudicial matters before the jury which are not in evidence and the trial court sustains the objection, the trial court is required by OCGA § 17-8-75 to give a curative instruction even absent a request from the defendant.
>
> If not, whether when the defendant does request a curative instruction, as did O'Neal, that request is sufficient to preserve the defendant's right to complain of the failure to give a curative instruction even if the trial court fails to rule on the request.
>
> Whether the trial court's statement to "just proceed on" constituted a denial of O'Neal's request for a curative instruction.

For the reasons that follow, we hold that, because the plain language of OCGA § 17-8-75 speaks in terms of the trial court's duty to give a curative instruction when a proper objection is made to the State's introduction of improper argument on matters that are not in evidence, and because our most recent precedents interpreting the statute make clear that a mere objection is sufficient to preserve the issue for appellate review, the Court of Appeals erred in concluding that O'Neal waived review of his claim by failing to obtain a ruling on his request for a curative instruction. However, because the trial court's error in failing to give a curative instruction was harmless, O'Neal's conviction must nevertheless be affirmed. We therefore reverse the Court of Appeals' ruling on the issue of waiver, but affirm the Court of Appeals' ultimate decision to affirm O'Neal's conviction.

1. OCGA § 17-8-75 states:

> Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender.

In construing this statute,

we apply the fundamental rules of statutory construction

that require us to construe [the] statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature.

(Citations omitted.) *Slakman v. Continental Cas. Co.*, 277 Ga. 189, 191 (587 SE2d 24) (2003).

The plain language of OCGA § 17-8-75 is clear, and represents the best indication of the Legislature's intent in enacting the statute. See *Van Dyck v. Van Dyck*, 262 Ga. 720, 721-722 (425 SE2d 853) (1993) ("[T]he language [of the statute] being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent") (citations and punctuation omitted). The statute unambiguously indicates that where, as here, a prosecutor has made "statements [to the jury] of prejudicial matters which are not in evidence," and where a proper objection has been raised, "the court *shall* . . . rebuke the counsel [who made the inappropriate statements] *and* by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds." (Emphasis supplied.) OCGA § 17-8-75. OCGA § 17-8-75 also gives the trial judge the discretion to grant a mistrial in lieu of rebuking the prosecutor and giving an appropriate curative instruction to the jury. Id.

Nowhere in the statute is there a requirement for defense counsel to specifically request additional remedies after interposing an objection to the improper statements made by a prosecutor. To the contrary, the plain language of OCGA § 17-8-75 refers to the *trial court's* independent duty, after defense counsel's objection, to rebuke the prosecutor, give an appropriate curative instruction, or grant a mistrial in the event that the prosecutor has injected into the case prejudicial statements on matters outside of the evidence. Consistent with the plain language of OCGA § 17-8-75, this Court's most recent authorities interpreting the statute have allowed appellate review of a trial court's failure to rebuke a prosecutor or give a curative instruction where defense counsel did nothing more than interpose an objection to the prosecutor's improper statements. See *Stinski v. State*, 286 Ga. 839, 858 (64) (691 SE2d 854) (2010) (opinion makes no mention of any request by defense counsel for rebuke of prosecutor for making improper statements, but nevertheless concludes "that the trial court erred by failing to rebuke counsel and to instruct the jury to disregard the unauthorized argument, as was *required* by OCGA § 17-8-75") (emphasis supplied); *Zackery v. State*, 286 Ga. 399, 401 (2), n. 2 (688 SE2d 354) (2010) ("OCGA § 17-8-75 . . . *requires* the trial court to act . . . when counsel makes a timely

objection") (emphasis supplied); *Arrington v. State*, 286 Ga. 335, 345 (16) (687 SE2d 438) (2009) (where counsel merely interposed objection to prosecutor's improper closing argument, "the trial court erred in not fulfilling its *duty* under OCGA § 17-8-75" to rebuke counsel and instruct the jury to remove the improper impression from their minds or order a mistrial) (emphasis supplied); *Walker v. State*, 281 Ga. 521, 523 (5) (640 SE2d 274) (2007) (where defense counsel's objection to improper closing argument was overruled and trial court made no further comment to the jury, "[t]he trial court . . . failed to perform the *duty* imposed [upon it] by OCGA § 17-8-75") (emphasis supplied); *Bolden v. State*, 272 Ga. 1 (525 SE2d 690) (2000) ("When an improper argument is made, opposing counsel may obtain appellate review of the trial court's ruling simply by objecting") (footnote omitted). Accordingly, here, the trial court erred by failing to fulfill its duty under OCGA § 17-8-75 to rebuke the prosecutor and instruct the jury in order to remove any improper impression that may have been left in their minds, and the Court of Appeals erred by concluding that O'Neal waived review of this issue on appeal. See *Arrington*, supra; *Bolden*, supra.

Instead of following the straightforward language of OCGA § 17-8-75 and our most recent cases that are entirely consistent with the plain language of the statute, the dissent would ignore or outright disapprove these cases and rely on older case law that is *inconsistent* with the plain language of the statute. Compare, e.g., *Brooks v. State*, 183 Ga. 466 (188 SE 711) (1936) ("Where there is a request that the court cause adversary counsel to desist from improper argument or that the court rebuke counsel, or a motion to declare a mistrial, and an adverse ruling is made, there is a basis for review") with OCGA § 17-8-75 ("*On objection made, the court shall . . . rebuke the counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the prosecuting attorney is the offender*") (emphasis supplied). This Court should not ignore or disapprove recent case law in which this Court has properly "construe[d] [OCGA § 17-8-75] according to its terms, [given its] words their plain and ordinary meaning, and [avoided] a construction that makes some language mere surplusage" (*Slakman*, supra), in favor of older case law that is inconsistent with the plain language and expressed intent of the statute. To the contrary, it is this older, more inconsistent case law that must be, and hereby is, disapproved.[2]

---

[2] Indeed, contrary to the dissent's contention that this Court is "interfering with the

2. Although the trial court committed error and the Court of Appeals further erred by concluding that O'Neal waived review of this error on appeal, this does not end our inquiry. While the trial court did commit an error, "it is fundamental that harm as well as error must be shown for reversal." (Citation omitted.) *Matthews v. State*, 268 Ga. 798, 803 (4) (493 SE2d 136) (1997). See also *Arrington*, supra, 286 Ga. at 345 (16) (a) (alleged error under OCGA § 17-8-75 "is subject to harmless error analysis"); *Stinski*, supra, 286 Ga. at 858 (64). Here, it is highly probable that the trial court's error did not contribute to the verdict. Indeed, the trial court specifically instructed the jury that the closing arguments of counsel did not constitute evidence, and, despite the overwhelming evidence of O'Neal's guilt (see footnote 1, supra), the jury was unable to reach a verdict on two of the counts against him that were later dead docketed. "All things considered, including the strength of the State's evidence in this case, we conclude that it is highly probable that the trial court's error in failing to comply with OCGA § 17-7-85 did not contribute to the verdicts." *Arrington*, supra, 286 Ga. at 346 (16) (a).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hunstein, C. J., Thompson and Hines, JJ., who dissent.*

THOMPSON, Justice, dissenting.

The intent of OCGA § 17-8-75 is to prohibit argument which introduces facts that are not put on the record and are calculated to prejudice the accused. *Adams v. State*, 260 Ga. 298, 299 (392 SE2d 866) (1990). See also *Dingler v. State*, 293 Ga. App. 27, 31, 32 (666 SE2d 441) (2008). The statute consists of two sentences. The first sentence authorizes the trial court to intervene on its own motion to prevent counsel from injecting prejudicial facts which are not in evidence by way of argument. See *Brooks v. State*, 183 Ga. 466, 468 (188 SE 711) (1936). The second sentence provides additional remedies if an objection to improper argument is made and sustained: rebuke of counsel, curative instructions, and mistrial. Our courts have consistently interpreted the statute in such a way as to require counsel to request the additional remedies he or she wants

---

legislative prerogative" by following our most recent authorities interpreting OCGA § 17-8-75, we are instead giving life to what has always been the clear legislative intent of OCGA § 17-8-75 by more closely following the plain language of the statute. It is the older case law upon which the dissent relies which has represented, and continues to represent, an unwarranted departure from the plain language of OCGA § 17-8-75. Because such a departure from the plain language of the statute runs contrary to the basic rules of statutory construction and undermines the legislative intent of the statute as written, it is this older case law that should no longer be followed.

the trial court to impose.[3] Until now, this matter was "considered settled in this State." Id. Thus, even if an objection to improper argument is sustained, counsel must first ask the trial court to rebuke counsel and give curative instructions if he or she expects to assign error upon the trial court's failure to do so. *Prince v. State*, 257 Ga. 84, 88 (355 SE2d 424) (1987); *Brooks v. State*, supra.

This interpretation of OCGA § 17-8-75 has been longstanding and the legislature has always acquiesced in it. Indeed, the statute "is not [even] of legislative origin. It has appeared in several of our codes, [but] the principles undoubtedly are taken from four decisions of this court." *Brooks v. State*, supra, citing *Augusta & Summerville R. Co. v. Randall*, 85 Ga. 297, 317 (4 SE 674) (1890); *Croom v. State*, 90 Ga. 430 (4) (17 SE 1003) (1892); *Metropolitan Street R. Co. v. Johnson*, 90 Ga. 500 (6) (16 SE 49) (1892); *Farmer v. State*, 91 Ga. 720 (18 SE 987) (1893).

> Where a statute has, by a long series of decisions, received a judicial construction in which the General Assembly has acquiesced and thereby given its implicit legislative approval, the courts should not disturb that settled construction. Even those who regard "stare decisis" with something less than enthusiasm recognize that the principle has even greater weight where the precedent relates to interpretation of a statute. A reinterpretation of a statute after the General Assembly's implicit acceptance of the original interpretation would constitute a judicial usurpation of the legislative function.

(Citations and punctuation omitted.) *Radioshack Corp. v. Cascade Crossing II*, 282 Ga. 841, 843 (653 SE2d 680) (2007).

By interpreting the statute anew, the majority is trampling upon more than 120 years of case law and interfering with the legislative prerogative. Accordingly, I must respectfully dissent.

I am authorized to state that Chief Justice Hunstein and Justice Hines join in this dissent.

DECIDED NOVEMBER 8, 2010.

*Daniel F. Farnsworth*, for appellant.

---

[3] See, e.g., *Morrison v. State*, 276 Ga. 829, 834 (4) (583 SE2d 873) (2003); *Kyler v. State*, 270 Ga. 81, 82 (508 SE2d 152) (1998); *Phillips v. State*, 230 Ga. 444 (1) (197 SE2d 720) (1973); *Walley v. State*, 298 Ga. App. 483, 485 (2) (680 SE2d 550) (2009); *Williams v. Terry*, 197 Ga. App. 209, 210 (3) (398 SE2d 239) (1990); but see *Arrington v. State*, 286 Ga. 335, 345 (687 SE2d 438) (2009); *Bolden v. State*, 272 Ga. 1 (525 SE2d 690) (2000).

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

